UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Jose Manuel,                                    Case No.: 18-50540
                                                Chapter 7
    Debtor.                                Hon. Mark A. Randon
_____/

K. Jin Lim,

    Plaintiff,

v.                                              Adversary Proceeding
                                                Case No.: 18-04468

Bernadette Manuel,

    Defendant.
_____/

## OPINION AND ORDER DENYING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION AND BACKGROUND

While hospitalized, in need of a heart transplant, and believing he might die from his condition, Debtor transferred $80,189.00 to his wife. The transfer was made through two checks from the Social Security Administration/United States Department of Treasury, payable to Debtor. Debtor, apparently, endorsed the checks, which were deposited into his wife's account and comingled with her funds.

Debtor's wife says she used the transferred funds to pay Debtor's preexisting medical bills; his ongoing medical expenses, including travel to and from the Philippines

1

where he also received treatment; and household expenses. All of the transferred funds have been spent, and Debtor filed Chapter 7 bankruptcy on July 30, 2018.

The Chapter 7 Trustee filed an adversary proceeding against Debtor's wife seeking to recover the transferred Social Security funds as fraudulent transfers. The Trustee's motion for summary judgment is pending. Because the Court finds that Debtor's accumulated Social Security benefits are excluded from his bankruptcy estate, and genuine issues of material fact exist−which if resolved in Debtor's favor would preclude a finding that the transfers were constructively fraudulent−the Trustee's motion is **DENIED**.

## II.     STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment must be granted "if the movant shows that there are no genuine issues as to any material fact in dispute and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 340 (6th Cir. 2011). The standard for determining whether summary judgment is appropriate is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Pittman v. Cuyahoga County Dep't of Children Services*, 640 F.3d 716, 723 (6th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

The Court must draw all reasonable inferences in favor of the party opposing the motion. *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011). However, the

nonmoving party may not rely on mere allegations or denials, but must "cit[e] to particular parts of materials in the record" as establishing that one or more material facts are "genuinely disputed." Fed. R. Civ. P. 56(c)(1). A mere scintilla of evidence is insufficient; there must be evidence on which a jury could reasonably find for the non movant. *Hirsch v. CSX Transp., Inc.*, 656 F.3d 359, 362 (6th Cir. 2011).

### III. ANALYSIS

When a debtor files for bankruptcy, a bankruptcy estate is established. 11 U.S.C. § 541(a). The estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). There is a split of authority regarding whether accumulated Social Security benefits are part of the bankruptcy estate. Some courts hold that they are automatically excluded. *Carpenter v. Ries (In re Carpenter)*, 614 F.3d 930, 936 (8th Cir. 2010) (Concluding that 42 U.S.C. § 407 "must be read as an exclusion provision, which automatically and completely excludes social security proceeds from the bankruptcy estate, and not as an exemption provision which must be claimed by the debtor."); *See also e.g., Hildebrand v. Social Security Admin. (In re Buren)*, 725 F.2d 1080, 1086 (6th Cir. 1984) ("social security payments only become part of the debtor's estate if he chooses to include them"); *United States v. Taalib-Din (In re Taalib-Din)*, No. 16-42855, 2017 WL 3447903, at *3 (E.D. Mich. June 2, 2017) ("the right to social-security payments does not constitute property of the estate").

Other courts hold that accumulated Social Security benefits are part of the bankruptcy estate that debtors may *exempt*−but only if they elect the state exemption

3

scheme instead of the federal exemptions. *See e.g., Walker v. Treadwell (In re Treadwell)*, 699 F.2d 1050, 1052 (11th Cir. 1983). In *Treadwell*, the court held that "although the funds came from the payment of social security benefits, they were not exempt from the operation of the new Bankruptcy Code and the gifts could be set aside as fraudulent conveyances." *In re Treadwell*, 699 F.2d at 1050.

The Court adopts the former position as better reasoned and finds that a debtor's accumulated or past due Social Security benefits are excluded from his bankruptcy estate in every case−regardless of the exemption scheme selected. *See* 42 U.S.C. § 407(a) (payments made under the Social Security Act are shielded from "execution, levy, attachment, garnishment, or other legal process," or from "the operation of any bankruptcy or insolvency law").

But this does not end the analysis. Although Debtor's Social Security benefits are excluded from his bankruptcy estate, are they, nevertheless, recoverable as constructively fraudulent transfers because: (1) Debtor gave them to his wife; or (2) they were commingled with her funds?

The Trustee relies on *Edgefield Holdings, LLC v. Gauthier*, No. 4:16CV00726 JLH, 2017 WL 449633 (E.D. Ark. February 2, 2017), to support her argument that once Debtor transferred his funds to his wife, they were no longer protected. In *Gauthier*, the court explained that "Social Security benefits are no longer protected when the recipient chooses to pay or give away those funds." *Gauthier*, 2017 WL 449633, at *4 (quoting *Smith v. Missouri (In re Smith)*, 488 B.R. 101, 104 (B.A.P. 8th Cir. 2013)). Although the beneficiary "paid" her Social Security funds to her husband, which means they could still

have been used for her care, the funds were repeatedly characterized as her husband's funds. As such, they were no longer for the beneficiary's basic care and maintenance. *Gauthier*, 2017 WL 449633, at *4.

Similarly, the *Treadwell* court found that the Social Security funds were recoverable as fraudulent transfers because "[t]he reason for exempting social security benefits from creditors' claims is to insure the needy have the necessary resources for continuing basic care and maintenance." *Treadwell*, 699 F.2d at 1053 (citations omitted). The debtor in *Treadwell* transferred $4,000.00 of his Social Security funds to his daughters. In exchange, he received nothing, except their love and affection; he did not receive anything that would help him care for himself. As such, his "gift" did not conform with the statutory objective of "preserving essential resources for the debtor[.]" *Id.* at 1051, 1053.

This case differs from *Gauthier* and *Treadwell* as there is a genuine issue of material fact regarding whether the transferred funds were used for Debtor's basic care and maintenance, or merely a gift to his wife and, thus, recoverable as a fraudulent transfer. It also does not appear that Debtor characterized the transferred funds as his wife's money.

Finally, the United States Supreme Court has held that benefits retain their exempt status if they are readily available and have not been converted into a permanent investment "regardless of the technicalities of title and other formalities." *Porter v. Aetna Cas. & Sur. Co.*, 370 U.S. 159, 162 (1962); *see also In re Hensley,* 393 B.R. 186, 198 (Bankr. E.D. Tenn. 2008) ("[S]ocial security benefits continue to be protected from

5

execution even if they are commingled with other funds as long as they are readily traceable.") (Citations omitted); *NCNB Fin. Services, Inc. v. Shumate*, 829 F.Supp. 178, (W.D. Va. 2011) ("[s]ocial security benefits are protected even if they are commingled in a savings or checking account with funds from other sources") (citing *Philpott v. Essex Cnty. Welfare Bd.*, 409 U.S. 413, 416-17 (1973)).

Although Debtor's Social Security funds were commingled with his wife's money, if the funds are readily traceable, they retain their statutory protection.

## IV. CONCLUSION

Debtor's accumulated Social Security funds are excluded from his bankruptcy estate. However, whether they are nevertheless recoverable as constructively fraudulent transfers, given Debtor transferred them to a third party (i.e., his wife) and they were commingled with her money, raises material questions of fact, precluding a finding of summary judgment. The Trustee's motion is **DENIED**.

The Court will hold a final pretrial and trial on *September 12, 2019, at 10:00 a.m*.

**IT IS ORDERED**.

**Signed on August 23, 2019**



/s/ Mark A. Randon
Mark A. Randon
United States Bankruptcy Judge